Martin, J.
This is an action on a promissory note; the defendant pleaded the general issue and set-off, and filed interrogatories, which the judge directed the plaintiff to answer on oath. He did so, before a person who styles himself a justice of the peace, for Frederic county, Maryland: the clerk of the *71 court of that county has certified the justice’s capacity, and the chief judge of the fifth circuit, of which Frederic county constitutes a part, that of the clerk who certifies that of the chief judge; the seal of the county is affixed.
At the trial, the defendant's counsel objected to the reading of the plaintiff's answers to his interrogatories, on the ground that it did not appear that the answers were given before a person legally authorised; the court over-ruled the objections, and a bill of exceptions was taken.
The note being proven, judgment was given for its amount, the set-off was not allowed, and the defendant appealed.
He contends he was in time to make his objections, and it ought to have prevailed, and cites the case of Center vs. Stockton & al. 8 Martin, 212, and 2 Martin's Digest, 161.
The case fully establishes the proposition that the objection was timely.
But, I see no legal evidence of the official capacity, nor of the signature of the person before whom the answers purport to be sworn to. An attempt has been made to read these answers, under the act of congress prescribing the mode, in which records, in each *72 state, shall be authenticated so as to take effect in every other state, approved May 26, 1790.
This act requires that the record should have the attestation of the clerk, and the seal of the court annexed, if there be a seal; together with the certificate of the judge, chief judge or presiding magistrate; now the clerk, judge and magistrate here spoken of, must be the officers of the court in which the record is kept. From any thing that appears here, the clerk of Frederic county has no more to do with the proceedings of a justice of the peace of that county, than the clerk of a parish court has to do with the proceedings of a justice of his parish, in this state, i. e. nothing at all—nor the chief judge of the fifth circuit of Maryland, with the record of the county court of Frederic county, than any district judge of this state has with the record of any of the parishes in his district. The answer cannot be read as a record of the state of Maryland, under the act of congress; and the signature and official capacity of the justice are not proved by testimony, nor certified by the executive of that state.
I conclude that the parish judge erred in suffering them to be read.
*73 But the defendant concludes, that the suit must be dismissed, as the plaintiff did not file answers legally sworn to; that the consequence must be the same as if he had filed no answer at all.
It is true that the law has provided, that on failure of the plaintiff to answer the defendant’s interrogatories, “his suit shall be dismissed at his costs, on motion of the defendant.”
It lies with the defendant to move for the dismissal of the suit; nothing obliges him to do it. The matter is at his election—but in this case, as in all others, where the party who may make the election, has done so, it can no longer recall it.
In this case it appears to me the defendant made his election not to move for the dismissal of the suit, because he suffered it to be put down for trial, without opposition; he permitted the trial to proceed, till the plaintiff established his claim by the proof of the defendant’s signature at the bottom of the note. He took a chance of a judgment in his own favor, if the plaintiff had failed to make out his case, actore non probante, absolvitur reus. I think after all this, it was too late to move for a dismissal of the suit.
Preston for the plaintiff, Carleton for the defendant.
The consequence is, that the judgment of the parish court ought, in my opinion, to be affirmed with costs.